UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

CRYSTAL BOUVIER WICKER,

      Debtor.

Case No. 11-12373

Honorable John Corbett O'Meara

DERRICK HILLS,

      Appellant,

v.

DANIEL M. McDERMOTT,

      Appellee.

               /

## OPINION AND ORDER AFFIRMING ORDER OF THE BANKRUPTCY COURT

This matter came before the court on appellant Derrick Hills' appeal of a final order issued

by the bankruptcy court May 11, 2011. Appellant filed his brief November 17, 2011; and appellee

Daniel McDermott, United States Trustee, filed his brief November 30, 2011. On January 5, 2012,

Appellant sent a letter to the court which will be construed as a reply brief. No oral argument was

heard.

## BACKGROUND FACTS

This is an appeal from a bankruptcy court order which levied civil penalties under 11 U.S.C.

§ 110 in the amount of $11,500.00 against Derrick Hills, a bankruptcy petition preparer, based upon

his conduct in connection with the Chapter 7 bankruptcy case of Crystal Bouvier Wicker. Though

Hills raises other issues in this appeal, they were not raised before the bankruptcy court; therefore,

those issues are waived on appeal.

Hills has had a number of encounters with the bankruptcy courts of the Eastern District of Michigan due to allegations of preparer abuse under 11 U.S.C. § 100.  Ultimately, the bankruptcy court permanently enjoined Hills from serving as a petition preparer and fined him hundreds of thousands of dollars for his violations of that injunction and for other petition preparer-related offenses.  Despite those previous sanctions, the bankruptcy court again found that Hills continued to serve in secret as a petition preparer.

In March 2007, the United States Trustee ("Trustee") filed a complaint against Hills, seeking to permanently enjoin him from serving as a bankruptcy petition preparer.  Trustee alleged that Hills had engaged in deceptive practices since the fall of 2006.  As a result of the complaint, Hills entered into a consent judgment permanently enjoining him from acting as a bankruptcy petition preparer. After Hills requested clarification of that order, the bankruptcy court issued a second order clarifying that Hills could work under the supervision of an attorney but not on his own as a petition preparer.

Hills' compliance with the order, however, was short-lived.  Soon the bankruptcy court granted summary judgment on a contempt motion by Trustee in In re Grissett, 2008 WL 4553083 (Bankr. E.D. Mich. Oct. 8, 2008).  The court noted that although Hills "was not filling out the bankruptcy petition and schedules for his clients . . . he continued to assist clients in filing their bankruptcy petitions[.]" Id. at *1.  The court credited Trustee's evidence that Hills had worked on 79 cases since the consent judgment was entered and ordered Hills to pay each of those creditors $2,000.00 pursuant to 11 U.S.C. § 110(i)(1)(B), for a total of $158,000.00 in penalties.  Hills was also ordered to refund the entirety of the $250.00 fee he received in each of those cases, pursuant to § 110(h)(3)(B), for an additional $19,750.00.  The court also fined Hills $10,000.00 pursuant to § 110(l)(1), for a total of $187,750.00 in fines and sanctions for that case alone.  The court concluded,

> Hills has demonstrated by his conduct that he is incapable of respecting either the limits of the law or the consent judgment to which he agreed.   In these circumstances, to protect the public from his unlawful conduct, it is necessary and appropriate . . . to permanently enjoin Hills from providing any goods or services in any way related to bankruptcy.

Id. at *8.  Finally, the court also noted Hills' profanity-laced outbursts directed toward employees of the court, one of whom he threatened to "haunt . . . until she retired."  Id.

It is against this backdrop that the court considers Hills' actions leading to the instant appeal. Crystal Bouvier Wicker filed a Chapter 7 bankruptcy petition March 26, 2010.  As required by the court, she filled out a form indicating that she did not have help preparing the documents for her filing.  At the May 6, 2010 meeting of creditors, Wicker, under oath, reaffirmed that she had not had anyone help her with her bankruptcy.  However, when Trustee pointed out discrepancies on her schedules, Wicker admitted that she had had help with the bankruptcy filing.  At that time, she said she could not remember the preparer's name and that he had instructed her not to reveal his identity. Wicker said she had paid the preparer $400.00.  Trustee had Wicker file an amended declaration disclosure to indicate that she had received assistance from "Derek & Crane & Shore LLC."

In light of the amended declaration, the court scheduled a show cause hearing and "required Derrick Hills to attend because Derrick Hills was known by the Court from numerous other cases in this Court to be the owner of Crane and Shore, LLC."  At the June 23, 2010 hearing, Wicker and Hills, both of whom were in the courtroom, testified that they had never met one another.  Hills testified that he had not received $400.00 in fees from Wicker.

Ultimately, however, Wicker's conscience prevailed.  During her December 2, 2010 discovery deposition, Wicker admitted that she had lied under oath at the June 23, 2010 hearing when she testified that she had never met Hills before.  She admitted that the "Derrick" who had assisted her

in her bankruptcy was, in fact, Derrick Hills, whom she said had coached her to conceal his role in her case.

Once Trustee filed a complaint against Wicker, Hills got involved in those proceedings as well, giving her the information to file in her answer to the complaint.  He also coached her on strategy:

> Basically he told me not to be afraid and don't accept any plea bargains, and everything is not what it seems, and everything will be okay.  You can't go back on what you said, is what he told me.

Wicker Dec. 2, 2010 dep., 13:18-21.

Trustee then filed another motion with the bankruptcy court, seeking fines and sanctions against Hills.  The court scheduled an evidentiary hearing for May 4, 2011, at which time the court took additional sworn testimony from both Wicker and Hills.  Hills again testified that he first met Wicker at the June 23, 2010 evidentiary hearing and did not remember meeting her prior to that time.  He could not recall whether he had provided Wicker bankruptcy petition preparer services. Wicker, on the other hand, came clean.  She admitted that the "Derrick" she had met from Crane and Shore was Derrick Hills.  She explained that she was afraid to tell the truth earlier, fearing the well being of herself and her children, since Hills had all of her personal information and her husband was no longer living in the home.  Wicker further admitted that she had previously given the court a different physical description of "Derrick"  to deceive the court.  She also said she paid Hills $400.00 in cash for his services and that Hills had instructed her to say the money was actually given to someone else.

The bankruptcy court took the matter under advisement and issued a written opinion May 11, 2011.  The court found Wicker's May 4, 2011 testimony to be truthful and that her testimony on June

23, 2010, was not.  The court further found that Derrick Hills had acted as Wicker's bankruptcy

petition preparer and that she had paid him $400.00 for his services.  The court then ordered Hills

to pay Wicker $2,000.00 pursuant to 11 U.S.C. § 110(i)(1)(B); to pay $4,500.00 to Trustee pursuant

to 11 U.S.C. § 110(l)(1) and (2); and to pay $5,000.00 to the Clerk of the Court pursuant to 11

U.S.C. § 526(c)(5)(B).  It is from that order that this appeal was filed.

## LAW AND ANALYSIS

Section 110(i)(1)(B) provides bankruptcy courts with the discretion to impose monetary

sanctions on bankruptcy petition preparers who engage in fraudulent, unfair or deceptive practices.

Section 110(l) allows for $500.00 fines to be levied against petition preparers who violate other

subsections of § 110, and that those fines can be tripled under some circumstances.  Section

526(c)(5) permits the court to fashion an appropriate civil remedy for violations found to be

intentional.

In this case, this court finds that no clear error exists in the bankruptcy court's findings.  The

record more than adequately supports that court's factual findings.  The sanctions issued under §

110(i)(1)(B) were not an abuse of discretion.  In fact, the court was required to levy a fine in the

amount of $2,000.00 or double the actual fees paid to the preparer, whichever is greater.  Wicker

paid Hills $400.00; therefore, the statutory fine was $2,000.00.

Likewise, the sanctions issued pursuant to §§  110(l)(1) and (2) were not an abuse of

discretion.  The bankruptcy court correctly found three violations of § 110(l)(1) at the statutory

amount of $500.00 each, totaling $1,500.00.  Under § 110(l)(2)(D), the amount can be tripled; and

the bankruptcy court properly did so.  Therefore, the $1,500.00 fine was increased to $4,500.00.

Finally, the sanctions imposed under § 526(c)(5)(B) were not an abuse of discretion.  The

statute allows for an appropriate sanction if it is violated intentionally or if there has been a clear

pattern of violations.  In this case, the bankruptcy court properly made a finding that Hills' violations

were intentional.  Furthermore, Hills has engaged in a clear pattern of violations.  Therefore, the

$5,000.00 fine was appropriate and not an abuse of discretion.

## ORDER

It is hereby **ORDERED** that the May 11, 2011 order of the bankruptcy court is **AFFIRMED**;

and this appeal is **DISMISSED.**

s/John Corbett O'Meara
United States District Judge


Date:  February 22, 2012




I hereby certify that a copy of the foregoing document was served upon the parties of record
on this date, February 22, 2012, using the ECF system and/or ordinary mail.


s/William Barkholz
Case Manager